UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE SHELLY and WILLIAM SHELLY,

        Plaintiffs,

 against

ANTONIO I. BRANDVEEN,

        Defendant.
-------------------------------------------------------------------X

**NOT FOR PUBLICATION**

<u>MEMORANDUM & ORDER</u>
06-CV-1289 (NGG)

GARAUFIS, United States District Judge.

    Plaintiffs Jane Shelly and William Shelly ("Plaintiffs") are *pro se* litigants who have brought suit against Antonio Brandveen ("Defendant" or "Judge Brandveen"), a New York State Judge who presides over a civil matter in state court in which Plaintiffs here are defendants. The Plaintiffs have filed their federal suit, pursuant to 42 U.S.C. § 1983, alleging that Judge Brandveen illegally conspired with the other parties in the state court lawsuit to cause Plaintiffs not to prevail in a motion to dismiss the state court lawsuit.

    Plaintiffs now move pursuant to Fed. R. Civ. P. 65 to enjoin Judge Brandveen from presiding over their state court action. For the reasons set forth below, Plaintiffs' motion is DENIED, and this court *sua sponte* dismisses Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6), but grants Plaintiffs thirty (30) days from the date of this Order to file an amended complaint that states a cause of action, and to serve Defendant with a summons, amended complaint, and a copy of this Memorandum and Order ("M&O").

1

**I.    Background**

Plaintiffs are defendants in a pending state court civil action in Nassau County Supreme Court, Index Number 12745/00, in which Judge Brandveen is the presiding judge.[1] (Compl. at 5.)  Plaintiffs allege that the plaintiff in the state court lawsuit, Barbara Malman, had died in March 2003. (Compl. Ex. A, at 4 ("Affidavit of Jane Shelley").)  Plaintiffs further allege that they filed four orders to show cause ("OSC") in state court that Judge Brandveen signed.  (Id. Ex. A-D.)  The first OSC sought to dismiss the lawsuit because Ms. Malman's estate failed to apply for substitution upon the death of Ms. Malman.  (Id. Ex. A, at 1.)  The second moved for the pleading to be stricken for failure to disclose the death of Ms. Malman.  (Id. Ex. B., at 1.)  The third OSC moved for a default judgment against third party defendant Sunrise Towing Services, Inc., & Robert Bradfield ("Sunrise Towing") for failure to answer the third party plaintiffs' complaint.  (Id. Ex. C., at 1.)  The last OSC moved for a dismissal of the action because decedent failed to appear at court for a conference scheduled on February 14, 2003.  (Id. Ex. D., at 1.)  Plaintiffs allege that Judge Brandveen signed these orders to show cause in January 2006, directing that third party defendant and all parties with an interest in decedent's estate appear at a hearing to explain why the orders should not be granted.  (Id. Ex. A-D.)

A hearing was held on February 7, 2006, a transcript of which is attached to the Plaintiffs' complaint as Exhibit E.  In the hearing, Judge Brandveen acknowledged that he could not locate two of the four orders to show cause, but did not specify which ones were missing. (Id. Ex. E, at 7.)  The court suggested to Plaintiffs that the two missing motions were duplicative

---

[1] As plaintiffs do not explain why they were sued in state court, the nature of the underlying action is unknown to this court.

of the ones in the court's possession, and requested that they withdraw those two motions so as to proceed with the other two motions. (Id. Ex. E, at 9-10, 16-17.) The Plaintiffs declined to withdraw the two missing motions. (Id. Ex. E, at 27.)

Present at the hearing were counsel for the decedent, for Allan Malman, the sole beneficiary of Ms. Malman's estate, and for Sunrise Towing. (Id. Ex. E, at 1-2.) Counsel for Ms. Malman represented, in arguing why the orders should not be granted, that no substitution was made because an administrator had not yet been appointed for Ms. Malman's estate. (Id. Ex. E, at 11.) The court adjourned the hearing to allow the parties to respond to Plaintiffs' motions, and for Plaintiffs' reply, and the judge eliminated the two duplicative motions. (Id. Ex. E, at 27.)

In this action, Plaintiffs allege that Judge Brandveen falsely misrepresented that he did not possess two of the four OSC's, and failed to conduct hearings for these four OSC's. (Compl., at 5-6.) Further, Plaintiffs allege that Judge Brandveen conspired with counsel for opposing parties in the state lawsuit to fraudulently claim that Ms. Malman had no executor appointed to oversee her estate. (Compl., at 7.) Plaintiffs demand declaratory judgment that "actions of the Defendant were unlawful and unjust and violated their constitutional and civil rights under color of state law." (Compl., at 9.) Further, Plaintiffs seek injunctive relief restraining Judge Brandveen from continuing to preside over the state court case. (Id.)

In the instant Rule 65 motion, Plaintiffs move for a preliminary injunction or temporary restraining order to enjoin Judge Brandveen from presiding over the state court proceeding. (Plaintiffs' Aff. Supp. Mot., at 1.)

## II. Discussion

### A. Preliminary Injunction or Temporary Restraining Order

Before I consider the merits of Plaintiffs' motion for injunctive relief, I must address whether the issue is properly before this court. Nothing in the record indicates that the motion was served on the Defendant. According to a stamp appearing on its face, the motion was filed with the clerk of court on March 23, 2006. If this were considered an ordinary motion, I would be compelled to deny it since "[n]o preliminary injunction shall be issued without notice to the adverse party," Fed. R. Civ. P. 65, and Plaintiffs have not explained in their affidavits whether it sought to move for injunctive relief *ex parte*, and if so, why it was necessary to do so. See Fed. R. Civ. P. 65(b); Eastern District of New York Local Rule 6.1(a), (d). However, as a motion for a preliminary injunction or temporary restraining order is by its nature an emergency motion, I deem Plaintiffs' motion as an Order to Show Cause ("OSC"), and the current application to ask this court to grant a hearing on whether to enjoin Defendant from continuing to preside over the state action. As a judge's grant of an OSC hearing requires no notice to the adverse party, I find that this application has been properly brought.

Nevertheless, Plaintiffs' OSC hearing application is denied as meritless. A party seeking injunctive relief must establish: (1) "irreparable harm; and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief." LaForest v. Former Clean Air Holding Co., Inc., 376 F.3d 48, 54 (2d Cir. 2004).

1. **Irreparable Harm**

To show irreparable harm, Plaintiffs at a minimum must show that they will suffer some injury as a result of Judge Brandveen continuing as presiding judge in the state court matter. See Brenntag Int'l Chems. Inc., v. Bank of India, 175 F.3d 245, 249-50 (2d Cir. 1999) (Movant for injunctive relief must show that "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied."). Assuming the truth of the facts as alleged by Plaintiffs, I do not find that Plaintiffs have shown irreparable harm. Plaintiffs have not alleged that any of the aforementioned OSC's were denied. While Plaintiffs did allege that two of the OSC's were deemed 'duplicative' by the judge and were disregarded, Plaintiffs did not allege that the judge was unwilling to hear and rule on all relevant argument regarding why the state action should be dismissed and why the third party defendant was in default. The transcript annexed to the Plaintiffs' complaint demonstrates that the Judge granted an adjournment to hear all argument regarding pending motions. Therefore, it appears that the judge permitted Plaintiffs to be fully heard. Lastly, even if these motions were denied, Plaintiffs have not shown that they would have been entitled to the relief that they were seeking as a matter of law. Accordingly, Plaintiffs have failed to show irreparable harm.

2. **Likelihood of Success on the Merits**

Furthermore, Plaintiffs can neither prevail in this motion on the merits, nor do they present serious questions going to the merits of the case. Plaintiffs' claim for injunctive relief fails because § 1983 bars injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; see also Montero v. Travis,

171 F.3d 757, 761 (2d Cir. 1999); Hili v. Sciarrotta, 140 F.3d 210, 215 (2d Cir. 1998). As Plaintiffs do not allege that a declaratory decree was violated or that declaratory relief was unavailable, § 1983 bars their claims for injunctive relief.

Second, Plaintiffs have failed to allege any future injury that would occur should Judge Brandveen continue to preside over their state court proceeding. They have also failed to demonstrate how the relief sought would remedy this unarticulated injury. As a result, Plaintiffs have not shown that they have standing to bring this claim, as they do not satisfy the injury-in-fact requirement of a 1983 action seeking injunctive relief that Plaintiffs show that they are "'immediately in danger of sustaining some direct injury' as [a] result" of the challenged conduct." Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); see also Whitmore v. Arkansas, 495 U.S. 149, 157 (1990).

Accordingly, I deny Plaintiffs' application for an OSC hearing to discuss whether to enjoin Judge Brandveen as the presiding judge over Plaintiffs' state court matter.

**B.    Adequate Pleading Pursuant to Fed. R. Civ. P. 8 and 9**

Having denied the motion for emergency intervention in this matter, I shall now examine whether this court should dismiss the Plaintiffs' complaint pursuant to Fed. R. Civ. P. 8 and 9 for failure to comply with pleading requirements. Federal Rule of Civil Procedure 8 requires a complaint to contain a statement of claim "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The Second Circuit "has read Rule 9(b) to require that a complaint [alleging fraud] '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where

6

and when the statements were made, and (4) explain why the statements were fraudulent.'" Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)). If a complaint fails to comply with these rules, the court may, on motion or *sua sponte*, dismiss the complaint. Kittay v. Kornstein, 230 F.3d 531, 542 (2d Cir. 2000).

Title 42 of the United States Code, Section 1983 allows citizens to sue a state official for the deprivation of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. Section 1983 does not create new rights; it merely provides a mechanism "for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citations omitted).

The Supreme Court has "held that state judges are absolutely immune [in § 1983 lawsuits] from liability for their judicial acts . . . ." Briscoe v. Lahue, 460 U.S. 325, 334 (1983) (citing Pierson v. Ray, 386 U.S. 547 (1967), Stump v. Sparkman, 435 U.S. 349 (1978)). To the extent that Plaintiffs assert a cause of action because they believe that Judge Brandveen's conduct in the state court proceeding were unfair, Judge Brandveen is immune from such an action. However, to the extent that Plaintiffs allege that Judge Brandveen engaged in fraud in conspiring with the other parties in the lawsuit to assist these parties in prevailing over Plaintiffs' meritorious motion, Plaintiffs allege conduct that caused them injury apart from Judge Brandveen's judicial function, and for which he does not enjoy absolute immunity. See id. at 336. Moreover, fraud by a state court judge, if adequately pleaded, states an injury cognizable under § 1983 as it would constitute a violation of the Plaintiffs' right to procedural due process.

As Plaintiffs allege fraud, their complaint must comport with the heightened pleading standards of Fed. R. Civ. P. 9(b). An examination of the complaint shows that Plaintiffs'

7

complaint does not comply with Rule 9(b) requirements. Plaintiffs have alleged, and the transcript of the February 7, 2006 hearing shows, that Judge Brandveen acknowledged that the court was unable to find two of the four OSC's, and deemed the two missing OSC's to be duplicative of the ones in his possession. (Id. Ex. E, at 7, 9-10, 16-17.) However, the Plaintiffs failed to identify which of the OSC's were deemed missing and duplicative. Moreover, Plaintiffs' complaint does not explain the basis of Plaintiffs' belief that the judge intentionally misrepresented and conspired with opposing counsel in representing that he did not have the OSC's in his possession or that two of these were duplicative. As Plaintiffs have failed to explain why the Judge's statements were fraudulent, I must dismiss this complaint for failure to comport with the pleading requirements. See Odyssey Re (London) Ltd. v. Stirling Cooke Brown Holdings Ltd., 85 F. Supp. 2d 282, 293 (S.D.N.Y. 2000) (reasoning that under a Rule 9 analysis, a complaint with "conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough")

 I now shall consider whether to grant Plaintiffs the opportunity to amend their complaint. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This relaxed standard applies with particular force to *pro se* litigants." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999). Generally, a district court may not "deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). However, "the district court has the power to dismiss a complaint *sua sponte* for failure to state a claim on which relief can be granted [if it provides] the plaintiff an opportunity to be heard." Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam).

I have grave doubts about the merits of Plaintiffs' claims. The documents annexed to Plaintiffs complaint paint a strikingly different picture from the Plaintiffs' conclusory allegations in the complaint: Judge Brandveen in the hearing appears to have afforded to all parties the opportunity to make desired motions and argument, and then adjourned the hearing for a later date. The transcript reveals no fraudulent behavior by the judge, and the judge's attempt to convey to *pro se* Plaintiffs that they should consider obtaining the services of a lawyer strongly suggests that he had no bias against Plaintiffs. (Compl. Ex. E, at 20-25.) In the hearing, the judge made no rulings in the matter apart from his initial findings that two of the OSC's were duplicative, which, beyond suggesting that the instant complaint is premature, also demonstrates that he was willing to hear argument from Plaintiffs as to why the OSC's should be construed as separate motions. In short, I find the instant motion, complaint and materials annexed to the complaint to amply demonstrate that Plaintiffs' claims are frivolous.

Nevertheless, a court should grant an opportunity to amend the complaint "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). As Plaintiffs in this lawsuit are *pro se*, I shall dismiss this complaint without prejudice, and provide Plaintiffs with thirty (30) days from the date of this Order to file an amended complaint that states a cause of action and comports with Rule 9 pleading standards. However, I am compelled to put Plaintiffs on notice that if Plaintiffs elect to amend their complaint, and after review of Plaintiffs' complaint I determine that the complaint is frivolous, without evidentiary support, or that Plaintiffs have an improper purpose in filing a federal complaint against Judge Brandveen, I shall dismiss the complaint with prejudice, and consider the

imposition of monetary sanctions pursuant to Fed. R. Civ. P. 11.  See Freeman v. Bianco, No. 02 Civ. 7525 (GEL), 2003 WL 179777, at *7 (S.D.N.Y. Jan. 4, 2003).

**IV**.    **CONCLUSION**

For the aforementioned reasons, the Defendants' motion for injunctive relief is DENIED, and I dismiss the complaint in this matter for failure to comport with Rule 8 and 9(b).

Plaintiffs are granted thirty (30) days from the date of the issuance of this Order to submit to the court an amended complaint that pleads fraud with particularity, and to serve Defendant with a summons, amended complaint, and a copy of this M&O.  The Defendant will have thirty (30) days from the date of the Plaintiffs' submission, if any is made, to respond.  Upon submissions by all parties, the court will reevaluate this claim.

SO ORDERED.

Dated: March 31, 2006 /s/ Nicholas G. Garaufis
      Brooklyn, NY NICHOLAS G. GARAUFIS
United States District Judge