UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JANE A. SHELLEY &
WILLIAM A. SHELLEY                              06 CV 1289
                                                (NGG) (AKT)
                        Plaintiffs,

        -against-


ANTONIO I. BRANDVEEN

                        Defendant.

----------------------------------------X



**MEMORANDUM OF LAW IN SUPPORT OF
JUSTICE BRANDVEEN'S MOTION TO
DISMISS THE AMENDED COMPLAINT**




                        ANDREW M. CUOMO
                        Attorney General of the
                         State of New York
                        <u>Attorney for Justice Brandveen</u>
                        120 Broadway
                        New York, New York 10271
                        (212) 416-8567




CONSTANTINE A. SPERES
Assistant Attorney General
 <u>of Counsel</u>

## Table of Contents

**Page**

Table of Authorities . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . 5

POINT I   -   PLAINTIFFS' CLAIMS AS AGAINST JUSTICE
              BRANDVEEN ARE MOOT . . . . . . . . . . . . . . 5

POINT II  -   THIS COURT LACKS SUBJECT MATTER JURISDICTION
              OVER PLAINTIFFS' CLAIMS AGAINST JUSTICE
              BRANDVEEN . . . . . . . . . . . . . . . . . 6

A.   The Rooker-Feldman Doctrine Precludes the District
     Court from Having Jurisdiction Over This Action . . . . . 6

B.   The Eleventh Amendment Immunity Bars This Action
     as It seeks Damages Against Justice Brandveen . . . . . . 8

C.   The Doctrine of Absolute Immunity
     Bars Plaintiffs' Claim for Damages . . . . . . . . . . 10

POINT III -   <u>YOUNGER</u> ABSTENTION BARS PLAINTIFF'S CLAIMS
              FOR DECLARATORY AND INJUNCTIVE RELIEF . . . . 14

POINT IV  -   PLAINTIFFS' COMPLAINT MUST BE DISMISSED
              AS IT FAILS TO STATE A CLAIM . . . . . . . . 17

A.   Conspiracy . . . . . . . . . . . . . . . . . . . 18

B.   Fraud . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . 21

i

**Table of Authorities**

**Cases**                                                                                                            **Page**

Alfaro Motors, Inc. v. Ward,
     814 F.2d 883 (2d Cir. 1987) . . . . . . . . . . . . . . 18

Atlantic Coast Line R. Co. v. Brotherhood of Locomotive
Engineers, 398 U.S. 281 (1970) . . . . . . . . . . . . . . 7, 8

Barbara Malman v. Jane A. Shelley & William Shelley,
     Index No. 12745/00 . . . . . . . . . . . . . . . . . . 3

Boucher v. Syracuse University, 164 F.3d 113 . . . . . . . . 6

Bradley v. Fisher, 80 U.S. 335 (1872) . . . . . . . . . 10, 11

Brewer v. Village of Old Field,
     311 F. Supp. 2d 390 (E.D.N.Y. 2004) . . . . . . . 10, 12

Campbell v. Greisberger, 80 F.3d 703 (2d Cir. 1996) . . . . . . 7

Cook v. Colgate University, 992 F.2d 17 (2d Cir. 1993) . . . . 6

Daniel v. Safir, 135 F. Supp. 2d 367 (E.D.N.Y. 2001) . . . . . 9

Davis v. New York, 316 F.3d 93 (2d Cir. 2002) . . . . . . . . 9

District of Columbia Court of Appeals v. Feldman,
     460 U.S. 462 (1983) . . . . . . . . . . . . . . . . 2, 6, 8

Donkor v. City of New York Human Resources Admin.,
     673 F. Supp. 1221 (S.D.N.Y. 1987) . . . . . . . . . 15

Duvall v. Sharp, 905 F.2d 1188 (8th Cir. 1990) . . . . . . 18

Dwares v. City of New York, 985 F.2d 94 (2d Cir. 1993) . . . 18

Erdman v. Stevens, 458 F.2d 1205 (2d Cir. 1972) . . . . . . 17

Exxon Mobil Corp. v. Saudi Basic Industries Corp.,
     __ U.S. ___, 125 S. Ct. 1517 (2005) . . . . . . . . . 6, 8

Fariello v. Campbell, 860 F. Supp. 54 (E.D.N.Y. 1994) . . . . 12

Fields v. Soloff, 920 F.2d 1114 (2d Cir. 1990) . . . . . . 12

Ford v. Moore, 237 F.3d 156 (2d Cir. 2001) . . . . . . . . 19

Gagliardi v. Village of Pawling, 18 F.3d 188 (2d Cir. 1994) .  19

Gentner v. Shulman, 55 F.3d 87 (2d Cir. 1995) . . . . . . . . . 7

Glen 6 Associate, Inc. v. Dedaj,
     770 F. Supp. 225 (S.D.N.Y. 1991) . . . . . . . . . . . 16

Grieve v. Tamerin, 269 F.3d 149 (2d Cir. 2001) . . . . . . . 14

Hachamovitch v. DeBuono, 159 F.3d 687 (2d Cir. 1998) . . . 7, 8

Hansel v. Town Court of Springfield,
     56 F.3d 391 (2d Cir. 1995) . . . . . . . . . . . . . . 17

Heine v. Colton, Hartnick, Yamin & Sheresky,
     786 F. Supp. 360 (S.D.N.Y. 1992) . . . . . . . . . . . . 3

Huffman v. Pursue, Ltd., 420 U.S. 592 (1975) . . . . . . . . 14

Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2003) . . . . . . 10

In re Kurtzman, 194 F.3d 54 (2d Cir. 1999) . . . . . . . . . . 6

Judice v. Vail, 430 U.S. 327 (1977) . . . . . . . . . . 15, 16

Julian v. N.Y.C. Transit Authority, 857 F.2d 242 (E.D.N.Y.
     1994), aff'd, 52 F.3d 312 (2d Cir. 1995) . . . . . . . 18

Katz v. Klehammer, 902 F.2d 204 (2d Cir. 1990) . . . . . . . 17

Kentucky v. Graham, 473 U.S. 159 (1985) . . . . . . . . . . . 9

Kirshner v. Klemons, 225 F.3d 227 (2d Cir. 2000) . . . . 14, 15

Kramer v. Time Warner, Inc., 937 F.2d 767 (2d Cir. 1991) . . . 3

Malman v. Shelley, Sup. Ct. Nassau Co., Index No. 12745/2000 . 3

Mason v. Department Disciplinary Committee, Appellate Division,
     894 F.2d 512 (2d Cir. 1990) . . . . . . . . . . . . . 17

Mills v. Polar Molecular Corp.,
     12 F.3d 1170 (2d Cir. 1993) . . . . . . . . . . . . . 20

Mireles v. Waco, 509 U.S. 9 (1991) . . . . . . . . . 10, 11, 12

Montero v. Travis, 171 F.3d 757 (2d Cir. 1999) . . . . . 10, 13

iii

Neustein v. Orbach, 732 F. Supp. 333 (E.D.N.Y. 1990) . . . . 15

North Carolina v. Rice, 404 U.S. 244 (1971) . . . . . . . . . 5

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . 9

Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987) . . . . . 15, 16

Moore v. Sims, 442 U.S. 415 (1979) . . . . . . . . . . . 15, 16

Polur v. Raffe, 912 F.2d 52 (2d Cir. 1990), cert. denied,
    499 U.S. 937, 111 S. Ct. 1389 (1991) . . . . . . . . . 18

Powell v. McCormack, 395 U.S. 486 (1969) . . . . . . . . . . 5

Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004) . . . . . . . 20

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) . . . . 2, 6, 7

Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1998) . . . . . 17

Spargo v. NY State Commission on Judicial Conduct,
    351 F.3d 65 (2d Cir. 2003) . . . . . . . . . . . . . . 14

Stump v. Sparkman, 435 U.S. 349 (1978) . . . . . . . 10, 11, 12

Sundwall v. Leuba, 2001 U.S. Dist. LEXIS 737 (D. Conn. 2001),
    aff'd, 28 Fed. Appx. 11 (2002) . . . . . . . . . . . . 13

Temple of the Lost Sheep v. Abrams,
    761 F. Supp. 237 (E.D.N.Y. 1989) . . . . . . . . . . . 16

Tesmer v. Granholm, 333 F.3d 683 (6th Cir. 2003), rev'd on
    other grounds, 125 S. Ct. 564 (2004) . . . . . . . . . 13

Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999) . . . . . . . 19

Tucker v. Outwater, 118 F.3d at 938 . . . . . . . . . . . . 12

Turco v. Monroe County Bar Association, 554 F.2d 515 (2d Cir.
    1977), cert. denied, 434 U.S. 834 (1977) . . . . . . . 17

Will v. Michigan Department of State Police,
    491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . 9

Younger v. Harris,
    401 U.S. 37 (1971) . . . . . . . . . . . 3, 14, 15, 16, 17

iv

<u>Zuckerman v. Appellate Division</u>,
    421 F.2d 625 (2d Cir. 1970) . . . . . . . . . . . . . . . 9

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . 1, 12, 13, 17, 18, 19

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . 1, 19

42 U.S.C. § 1985[3] . . . . . . . . . . . . . . . . . . . 19

**Federal Rules**

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 9 . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . . . . . 19, 20

Fed. R. Civ. P. 12(6) . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . 2, 10

Fed. R. Civ. P. 65 . . . . . . . . . . . . . . . . . . . . 1

**State Statutes**

28 U.S.C. § 1257 . . . . . . . . . . . . . . . . . . . . . 7

N.Y. Constitution, Article VI, §§ 7, 26 . . . . . . . . . . 11

N.Y. Jud. Law § 140-b . . . . . . . . . . . . . . . . . . 12

CPLR § 1015(a) . . . . . . . . . . . . . . . . . . . . . . 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

JANE A. SHELLEY &
WILLIAM A. SHELLEY                              06 CV 1289
                                               (NGG) (AKT)
                         Plaintiffs,

        -against-


ANTONIO I. BRANDVEEN

                         Defendant.

----------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF
JUSTICE BRANDVEEN'S MOTION TO
DISMISS THE AMENDED COMPLAINT**

**<u>Preliminary Statement</u>**

        Plaintiffs <u>pro</u> <u>se</u>, Jane A. Shelley and William A.
Shelley, commenced this action pursuant to 42 U.S.C. § § 1983, 1985
against the Honorable Antonio I. Brandveen, Acting Justice of the
Supreme Court of the of the State of New York, Nassau County
("Justice Brandveen") alleging that Justice Brandveen conspired to
cause plaintiffs not to prevail on motions they filed in a state
court action before him.  In addition, pursuant to Fed. R. Civ. P.
65 plaintiffs sought to enjoin Justice Brandveen from presiding
over the action.  By Memorandum and Order, dated March 31, 2006,
this Court: (a) denied plaintiffs' Fed. R. Civ. P. 65 motion and
<u>sua</u> <u>sponte</u> dismissed their complaint for failure to comply with
Fed. R. Civ. P. 8 and 9; and (b) provided plaintiffs with leave to

amend their complaint.

In their amended complaint, plaintiffs again allege in a conclusory fashion that Justice Brandveen conspired to cause them not to prevail on motions they filed by "falsely stat[ing] two of the four Orders to Show Cause applications . . . had disappeared or was [sic] unavailable or missing . . . in order to obstruct and deny [plaintiffs] access to court." See Amended Complaint ¶ 6. A claim which this Court noted in the March 31, 2006 Memorandum and Order is belied by the documents annexed to plaintiffs' complaint. Plaintiffs seek a judgment, from this Court, reversing Justice Brandveen's actions and rulings, directing that a justice other than Justice Brandveen rule on their motions, enjoining enforcement of any rulings, decisions and orders, and an undisclosed amount in monetary damages.

This memorandum is respectfully submitted on behalf of Justice Brandveen, in support of his motion to dismiss the complaint as against him pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The motion to dismiss should be granted upon the grounds that: (1) plaintiffs' claims against Justice Brandveen are moot; (2) this Court lacks subject matter jurisdiction over plaintiffs' claims pursuant to the Rooker-Feldman doctrine,[1] the Eleventh Amendment of the United States Constitution, and the doctrine of

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

absolute judicial immunity; (3) plaintiffs' claims are barred in whole or in part, by the doctrine of <u>Younger</u> abstention;[2] and (4) because the alleged facts are insufficient to state a claim against Justice Brandveen.

### Statement of Facts

According to the amended complaint, which is essentially identical to the one dismissed <u>sua sponte</u>, and the documents attached thereto and/or referenced therein[3], plaintiffs are defendants in <u>Barbara Malman v. Jane A. Shelley & William Shelley</u>, Index No. 12745/00, an action seeking monetary damages for destruction of residential property pending in the Supreme Court of the State of New York, Nassau County before Justice Brandveen.[4] <u>See</u> Speres Aff., Exhibit B, Amended Complaint ¶¶ 5, 6; Exhibit D, Short Form Order, dated April 13, 2006.

In that action, plaintiffs filed four Orders to Show Cause which were signed by Justice Brandveen and made returnable on

---

[2] <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

[3] In deciding a motion to dismiss, the court may consider documents attached to the complaint as exhibits or incorporated in the complaint by reference. <u>Kramer v. Time Warner, Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991); <u>see also Heine v. Colton, Hartnick, Yamin & Sheresky</u>, 786 F. Supp. 360, 374 n.4 (S.D.N.Y. 1992). Justice Brandveen respectfully requests that the court consider the six Short Form Orders and the New York State Unified Court System e-Court's printout for <u>Malman v. Shelley</u>, Index No. 12745/2000 attached to the Affirmation of Constantine A. Speres ("Speres Aff."), dated January 17, 2007.

[4] Plaintiff William Shelley is also a plaintiff in a third party complaint against Sunrise Towing Services, Inc.

February 7, 2006.  Plaintiffs' first Order to Show Cause, Motion Sequence No. 11, sought an order dismissing the action because Ms. Malman's estate failed to move for substitution in a timely manner. See Speres Aff., Exbibit C.  Plaintiffs' second Order to Show Cause, Motion Sequence No. 12, sought an order granting a default judgment against the third party defendants.  See Speres Aff., Exhibit D.  Plaintiffs' third Order to Show Cause, Motion Sequence No. 13, sought an order striking Ms. Malman's pleading based upon the failure of her estate to disclose her death.  See Speres Aff., Exhibit E.  Plaintiffs' fourth Order to Show Cause, Motion Sequence No. 14, sought an order dismissing the action based upon Ms. Malman's failure to appear for conference scheduled on February 14, 2003.  See Speres Aff., Exhibit F.

On the February 7, 2006 return date, Justice Brandveen was unable to locate two of the Orders to Show Cause.  During that appearance, Justice Brandveen suggested that plaintiffs withdraw those two Orders to Show Cause as he believed they were duplicative of the other two.  Plaintiffs refused to withdraw the missing Orders to Show Cause.  Justice Brandveen then adjourned the hearing to allow for the parties to respond to the Orders to Show Cause and for plaintiffs to respond.  Plaintiffs contend that Justice Brandveen "falsely misrepresented" that he did not possess the two missing Orders to Show Cause to deny plaintiffs access to court. See Amended Complaint, ¶ 6.

4

Thereafter, by Short Form Orders, dated April 11-13, 2006, Justice Brandveen denied plaintiffs four Orders to Show Cause. <u>See</u> Speres Aff., Exhibits C-F. Additionally, by Short Form Order, dated April 11, 2006, Justice Brandveen denied plaintiff Jane A. Shelley's application for an order of disqualification and by Short Form Order, dated April 28, 2006, he ordered the substitution of Alan B. Malman as plaintiff pursuant to New York Civil Practice Law and Rules § 1015(a), referred the action back to the Calendar Control Part and directed plaintiff to file a Note of Issue. <u>See</u> Speres Aff., Exhibits G and H. On or about November 28, 2006, the matter was transfered from Justice Brandveen to the Honorable Joseph P. Spinola for trial and is currently pending before Justice Spinola. <u>See</u> Speres Aff., Exhibit I.

**ARGUMENT**

**POINT I**

**PLAINTIFFS' CLAIMS AS AGAINST
JUSTICE BRANDVEEN ARE MOOT**

A case is moot, and the federal courts have no jurisdiction over a litigation, when "the parties lack a legally cognizable interest in the outcome." <u>Powell v. McCormack</u>, 395, U.S. 486, 496 (1969). <u>See also</u>, <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971)("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

On or about November 28, 2006, the state court proceeding was reassigned from Justice Brandveen to the Honorable Joseph P. Spinola for trial.   <u>See</u> Speres Aff., Exhibit I. Since Justice Brandveen is no longer presiding over the proceeding, plaintiffs' request for injunctive relief is now moot.   Federal district courts do not have subject matter jurisdiction over moot cases. <u>In re Kurtzman</u>, 194 F.3d 54, 58 (2d Cir. 1999); <u>Boucher v. Syracuse University</u>, 164 F.3d 113, 118; (2d Cir. 1999); <u>Cook v. Colgate Univ</u>., 992 F.2d 17, 19 (2d Cir. 1993).

Accordingly, the complaint against Justice Brandveen must be dismissed.

<b><u>POINT II</u></b>

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS AGAINST JUSTICE BRANDVEEN**

A.   **The Rooker-Feldman Doctrine Precludes the District <u>Court from Having Jurisdiction Over This Action</u>**

The United States Supreme Court's recent decision in <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, __ U.S. ___, 125 S.Ct. 1517 (2005), examined the scope of the <u>Rooker-Feldman</u> doctrine.   Pursuant to <u>Exxon Mobil</u>, the <u>Rooker-Feldman</u> doctrine is based on the "strictly original" subject matter jurisdiction of the federal district courts, which precludes district courts from sitting as appellate tribunals to review state court judgments. <u>See Exxon Mobil</u>, 125 S. Ct. at 1526 <u>citing</u>, <u>District of Columbia Court</u>

6

of Appeals v. Feldman, 460 U.S. 462, 476  n. 16 (1983), citing,
Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,
398 U.S. 281, 286 (1970) ("Lower federal courts possess no power
whatever to sit in direct review of state court decisions"); Rooker
v. Fidelity Trust Company, 263 U.S. 413, 416 (1923); see also 28
U.S.C. § 1257.  The doctrine applies where the state court judgment
has resulted from a judicial proceeding (or one that was "judicial
in character"), and the federal action would require the district
court to decide questions that were already decided by the state
court.  Feldman, 460 U.S. at 482-84, n.16;  Hachamovitch v.
DeBuono, 159 F.3d 687, 694 (2d Cir. 1998).  As set forth in
Feldman, the district courts "do not have jurisdiction ... over
challenges to state-court decisions, in particular cases arising
out of judicial proceedings even if those challenges allege that
the state court's action was unconstitutional." Feldman, 460 U.S.
at 486.  Even interlocutory state court orders may not be
collaterally reviewed or set aside by a federal district court.
Campbell v. Greisberger, 80 F.3d 703, 707 (2d Cir. 1996); Gentner
v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995).  The only permissible
review is by the relevant state superior courts and/or the United
States Supreme Court. Feldman, 460 U.S. at 482-84; 28 U.S.C. §
1257.

     While Rooker-Feldman does not bar a general constitu-
tional challenge to a statute or rule (see Feldman, 460 U.S. at

7

485-86; Hachamovitch v. DeBuono, 159 F.3d at 693-94), no such claim is raised here.  Plaintiffs are simply presenting challenges to orders and decisions the state court entered in their underlying proceeding, disguised as a constitutional violation. See Am. Compl. ¶ 6.  Plaintiffs are seeking from this Court an order determining the validity of the underlying orders, this is just the type of determination barred by the Rooker-Feldman doctrine.

Plaintiffs' amended complaint presents a typical Rooker-Feldman situation, as defined by the Supreme Court in Exxon Mobil, "a loser in state court invites a federal district court to over turn a state-court judgment." Exxon Mobil 125 S. Ct. at 1524. Plaintiffs are calling upon this Court to exercise appellate-jurisdiction over the state court judgments rendered prior to them commencing this federal action.  Pursuant to the Rooker-Feldman doctrine, such appellate jurisdiction over state court judgments is limited to the United States Supreme Court.  Exxon Mobil, 125 S. Ct. at 1526.  Accordingly, this action, which seeks damages, a declaratory judgment and injunction enjoining enforcement of the challenged state court orders, can not be maintained and this Court should enter judgment dismissing the complaint pursuant to the Rooker-Feldman doctrine.

B.   **The Eleventh Amendment Immunity Bars This Action as It seeks Damages Against Justice Brandveen**

This Court also lacks subject matter jurisdiction over plaintiffs' claim for damages against Justice Brandveen in his

official capacity because such claims are barred by the Eleventh Amendment to the United States Constitution.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984); See also Kentucky v. Graham, 473 U.S. 159, 166-67 (1985) (Eleventh Amendment immunity also extends to damage actions against state officials sued in their official capacities if the state is the real party in interest); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (the Eleventh Amendment bars claims against state officials sued for damages in their official capacities).  Here, there is no question that plaintiffs are suing Justice Brandveen in his official capacity as the State Court judge who, in presiding over their state court action entered the orders by which plaintiffs claim to be aggrieved.  Therefore, the Eleventh Amendment bars any claim for money damages asserted against Justice Brandveen in this action.

In addition, as the United States Supreme Court concluded, in Will v. Michigan Department of State Police, 491 U.S. 58 (1989), ". . . neither a State nor its officials acting in their official capacities are 'persons' under § 1983 and no action for money damages against them may lie."  Id. at 71.  Accordingly, this official capacity suit for money damages against Justice Brandveen, cannot be maintained.  See Daniel v. Safir, 135 F. Supp.2d 367, 372 (E.D.N.Y. 2001), quoting, Zuckerman v. Appellate Division, 421 F.2d 625, 626 (2d Cir. 1970) (State Courts are "the judicial arm of the State of New York" and, as such, suits against state court

9

officials in their official capacities are barred by the Eleventh Amendment).  Fed. R. Civ. P. 12(b)(1).

**C.    The Doctrine of Absolute Immunity**
**      Bars Plaintiffs' Claim for Damages**

Under the doctrine of absolute judicial immunity, a judge is not monetarily liable for acts done in the exercise of his or her judicial function.  Mireles v. Waco, 509 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999).  The only prerequisites to judicial immunity are that the judge not act in the "clear absence of all jurisdiction" and that he or she be performing a judicial act or one which is judicial in nature.  Mireles v. Waco, 509 U.S. at 11-12; Stump v. Sparkman, 435 U.S. at 359; Huminski v. Corsones, 396 F.3d 53, 74 (2d Cir. 2003).  A "clear absence of all jurisdiction" would be found if, for example a probate judge, with jurisdiction over only wills and estates, should try a criminal case.  On the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.  See Brewer v. Village of Old Field, 311 F. Supp. 2d 390, 397 (E.D.N.Y. 2004) quoting Bradley v. Fisher, 80 U.S. 335, 352 (1872).

Judicial immunity is so expansive that it is not overcome merely by allegations of bad faith or malice but can be defeated only in circumstances where: (1) a judge takes a nonjudicial action or where (2) a judge's actions, though judicial in nature, are

10

taken in the complete absence of all jurisdiction. <u>Mireless</u>, 502 U.S. at 11-12.  <u>Stump</u>, 435 U.S. at 356-357.

To determine whether a judge's action was undertaken in a judicial capacity and therefore subject to immunity, the Supreme Court stated in <u>Stump</u> that the factors to be considered related to (1)the nature of the act itself, i.e. whether the act was a function normally performed by a judge; and (2)the expectations of the parties, i.e. whether the parties had dealt with the judge in his judicial capacity.  <u>Stump</u>, 435 U.S. at 356; <u>Mireless</u>, 502 U.S. at 11.

When evaluating the immunity of a judge, "the scope of the judge's jurisdiction must be construed broadly."  <u>Stump</u>, 435 U.S. at 356 (quoting <u>Bradley</u>, 80 U.S. at 352).  Where jurisdiction over the subject-matter is invested by law in the judge, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case.  <u>Stump</u>, 435 U.S. at 356 n.6.

The prerequisites for absolute judicial immunity are met in this case.  First, Justice Brandveen, as an Acting Justice of the New York State Supreme Court, had the full jurisdiction and authority to preside over and rule upon the issues raised in the underlying State court proceeding.  <u>See</u> <u>generally</u> N.Y. Constitution, Article VI, §§ 7, 26 (establishing New York Supreme Courts as courts of "general original jurisdiction in law and

11

equity"); N.Y. Jud.Law § 140-b(giving State supreme courts broad grant of general jurisdiction). Therefore, it cannot be said that Justice Brandveen was acting in the clear absence of all jurisdiction. Thus, the only relevant inquiry is whether Justice Brandveen's alleged behavior constituted non-judicial acts. <u>See</u> <u>Tucker v. Outwater</u>, 118 F.3d at 938. Clearly, in ruling upon the motions brought in the underlying state court proceeding the actions taken by him are judicial acts to which immunity attaches. <u>Mireles v. Waco</u>, 509 U.S. at 11-12.

Moreover, a plaintiffs' conclusory allegations of conspiracy, bias, bad faith and fraud do not overcome a judge's absolute immunity from damages. <u>Mireles v. Waco</u>, 502 U.S. at 14; <u>Fariello v. Campbell</u>, 860 F. Supp. 54, 67-69 (E.D.N.Y. 1994). Indeed, even if the State court decisions were later ruled to be improper, erroneous or incorrect on appeal monetary liability will not lie. <u>Fields v. Soloff</u>, 920 F.2d 1114, 1119 (2d Cir. 1990). As set forth in <u>Stump</u>, 435 U.S. at 359, immunity is not forfeited because a judge has committed "grave procedural errors." <u>Brewer v. Village of Old Field</u>, 311 F. Supp.2d 390, 397 (E.D.N.Y. 2004).

Moreover, 42 U.S.C. § 1983 specifically bars the injunctive relief plaintiffs seek against Justice Brandveen. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

12

declaratory decree was violated or declaratory relief was unavailable." <u>See</u> 42 U.S.C. § 1983; <u>Montero v. Travis</u>, 171 F.3d 757, 761 (2d Cir. 1999).  An injunction against a judicial officer is prohibited by 42 U.S.C. § 1983 absent a showing that a prior declaratory judgment has been entered against the judicial officer in question and the judicial officer has violated that declaration. <u>See</u>, <u>e.g.</u>, <u>Tesmer v. Granholm</u>, 333 F.3d 683, 703-704 (6th Cir. 2003) ("Failure of a judge unnamed in a declaratory decree to abide by such declaration does not allow a district court to throw caution to the wind and summarily bind all judges"), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 125 S. Ct. 564 (2004). <u>See</u>, <u>also</u>, <u>Sundwall v. Leuba</u>, 2001 U.S. Dist. Lexis 737 (D. Conn. 2001), <u>aff'd</u>, 28 Fed. Appx. 11 (2002) (holding that injunctive relief was not available against state judges where a declaratory decree had not been violated).

Plaintiffs do not plead that Justice Brandveen has violated any declaratory decree to which they were a party and cannot so plead, for the obvious reason that the Justice Brandveen have not been parties to any suit in which plaintiff sought federal judicial relief.

Accordingly, by 42 U.S.C. § 1983's own terms, plaintiffs are not entitled to obtain any monetary or injunctive relief as against Justice Brandveen.

**POINT III**

**YOUNGER ABSTENTION BARS PLAINTIFF'S
CLAIMS FOR DECLARATORY AND
INJUNCTIVE RELIEF**

Abstention principles described in Younger v. Harris, 401 U.S. 37 (1971) also bar plaintiffs' claim for declaratory and injunctive relief since plaintiffs can seek review of their alleged federal questions on a direct appeal in the state courts. Kirshner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000) (Younger requires dismissal of claims for declaratory and injunctive relief).   In Spargo v. NY State Commission on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003), the Second Circuit set forth the three-part test for determining whether Younger abstention is appropriate: (1) where there is an ongoing state proceeding; (2) whether an important state interest is involved; and (3) whether the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims. See also Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001).   All three prerequisites for Younger abstention are present here.

First, it is undisputed that there is an ongoing proceeding pending in the New York State courts. See Speres Aff., Exhibit I.   The United States Supreme Court has made clear that a state court proceeding is deemed "ongoing" for Younger purposes until all appellate remedies are exhausted.   Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975) (a federal plaintiff must exhaust

14

all available state appellate remedies before seeking relief in federal court); <u>Kirshner v. Klemons</u>, 225 F.2d at 234 (would-be federal plaintiffs "must first exhaust all available state appellate remedies" unless other <u>Younger</u> prerequisites are not met); <u>Neustein v. Orbach</u>, 732 F. Supp. 333, 339 (E.D.N.Y. 1990). Indeed, federal plaintiffs cannot avoid a <u>Younger</u> dismissal by failing to take advantage of the state appellate remedies available to them.  This is especially true where, as here, plaintiffs cannot point to any state procedural law which would bar presentation of the alleged federal claims on appeal.  <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. 1, 14 (1987), <u>quoting</u> <u>Moore v. Sims</u>, 442 U.S. 415, 432 (1979).  Thus, even if a new constitutional claim is now asserted in the district court, plaintiff's "failure to avail [herself] of the state courts ... should not give [her] access to federal court to obtain injunctive relief."  <u>Donkor v. City of New York Human Resources Admin.</u>, 673 F. Supp. 1221, 1227 (S.D.N.Y. 1987); <u>see also</u> <u>Pennzoil Co. v. Texaco Inc.</u>, 481 U.S. at 16, n.16 (plaintiffs "cannot escape <u>Younger</u> abstention by failing to assert its state remedies in a timely manner).  Accordingly, the State Court proceedings are ongoing for <u>Younger</u> purposes and the first prerequisite for abstention is met.

        Second, the substantial state interest necessary for the <u>Younger</u> abstention doctrine is also present.  As "the states have an important interest in administering certain aspects of their

15

judicial systems." <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 12-13(1987).  Indeed, the Supreme Court recognized the significant state interest "in protecting 'the authority of the [state's] judicial system, so that its orders and judgments are not rendered nugatory.'" <u>Pennzoil</u>, 481 U.S. at 13, n.12 <u>quoting</u> <u>Judice v. Vail</u>, 430 U.S. 327 at 336, n.12 (1977).

Moreover, the federal courts have recognized the traditional strong interest of a state in having its courts resolve a civil action which requires an analysis and interpretation of state law. <u>See</u> <u>generally</u> <u>Glen 6 Assoc., Inc. V. Dedaj</u>, 770 F.Supp. 225, 228 (S.D.N.Y. 1991); <u>Temple of the Lost Sheep v. Abrams</u>, 761 F. Supp. 237, 243 (E.D.N.Y. 1989).  The significant state interest necessary to invoke <u>Younger</u> abstention is present.  As it is clear from the face of the amended complaint that by this action, the fundamental workings of New York State's judicial system -- the ability to enforce court orders -- would potentially be limited by the relief requested of this court by plaintiffs.

The third prerequisite for abstention under <u>Younger</u>  -- a state court opportunity to vindicate federal rights -- is present here as well.  <u>See</u> <u>Judice v. Vail</u>, 430 U.S. at 335.  Indeed, it has long been held that the state courts are competent to hear and fully resolve a plaintiffs' constitutional challenge:

> "[T]here is no reason to assume that ..
> [plaintiff's] constitutional rights will not
> be protected by the Appellate Division ...,
> or, if further review becomes necessary, by

16

the New York Court of Appeals."

Turco v. Monroe County Bar Association, 554 F.2d 515, 520 (2d Cir. 1977), cert. denied, 434 U.S. 834 (1977) quoting Erdman v. Stevens, 458 F.2d 1205, 1211(2d Cir. 1972); Mason v. Dept. Disciplinary Committee, Appellate Division, 894 F.2d 512, 515 (2d Cir. 1990). Here, any of plaintiffs' alleged constitutional challenges to the outcome of the state court proceeding could be reviewed on direct appeal.  Plaintiffs have the opportunity to obtain review of the challenged actions and vindicate their alleged constitutional rights.  By electing not to utilize these state court remedies plaintiffs do not obtain the right to now bring their state court challenge to Federal Court.

Where, as here, the requirements of Younger are met, abstention is mandatory. Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1998); Hansel v. Town Court of Springfield, 56 F.3d 391, 394 (2d Cir. 1995).  All of plaintiffs' claims for injunctive and declaratory relief should, therefore, be dismissed.

### POINT IV

**PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS IT FAILS TO STATE A CLAIM**

In order to state a claim under 42 U.S.C. § 1983, plaintiffs must allege conduct, under color of state law, that deprives them of rights secured by the Constitution or laws of the United States.  Katz v. Klehammer, 902 F.2d 204, 106 (2d Cir.

17

1990). To that end, civil rights complaints "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987).

**A.    <u>Plaintiffs Fail to State a Conspiracy Claim</u>**

Plaintiffs summarily allege that Justice Brandveen violated their civil rights under 42 U.S.C. §§ 1983 and 1985 by means of a conspiracy. Plaintiffs' claims are insufficient to make a valid conspiracy claim. Under 42 U.S.C. § 1983, "a complaint alleging a conspiracy to violate civil rights is held to a heightened pleading standard." <u>Julian v. N.Y.C. Transit Authority</u>, 857 F.2d 242, 252 (E.D.N.Y. 1994), <u>aff'd</u>, 52 F.3d 312 (2d Cir. 1995). Indeed, "[i]t is incumbent upon a plaintiff to state more than conclusory allegations to avoid dismissal of a claim predicated on a conspiracy to deprive him of his constitutional rights." <u>Dwares v. City of New York</u>, 985 F.2d 94, 99-100 (2d Cir. 1993); <u>Polur v. Raffe</u>, 912 F.2d 52, 56 (2d Cir. 1990), <u>cert. denied</u>, 499 U.S. 937, 111 S. Ct. 1389 (1991). Plaintiffs must allege "specific facts suggesting that there was a mutual understanding among the conspirators to take action directed toward an unconstitutional end." <u>Julian</u>, 857 F. Supp. at 252, <u>quoting</u> <u>Duvall v. Sharp</u>, 905 F.2d 1188, 1189 (8th Cir. 1990) (<u>per</u> <u>curiam</u>).

18

The amended complaint is void of any such allegations.  To the extent that plaintiffs seek relief under 42 U.S.C. § 1985, plaintiffs must show that the conspiracy was undertaken with racial or class-based animus.  Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994).  As plaintiffs have failed to allege any factual allegations to even remotely suggest that they were conspired against due to their race, plaintiffs' § 1985 conspiracy claim must be dismissed in its entirety, for failure to state a cause of action.  See generally, Ford v. Moore, 237 F.3d 156, 162 (2d Cir. 2001) (plaintiff's § 1985[3] conspiracy claim failed for lack of any evidence of the requisite discriminatory intent); see also Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999)("Even if [plaintiff] had shown evidence of a conspiracy, he alleged no facts and presented no evidence that could have shown that the [defendants] acted with discriminatory animus.")

Accordingly, plaintiffs fail to state a claim for conspiracy pursuant to either 42 U.S.C. § 1983 or § 1985.

**B.   Plaintiffs Fail to State a Fraud Claim**

Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  In order to satisfy Rule 9(b), a complaint alleging fraud must"(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were

made, and (4) explain why the statements were fraudulent." <u>Rombach v. Chang</u>, 355 F.3d 164, 170 (2d Cir. 2004) (quoting <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1175 (2d Cir. 1993)).

The allegations in the amended complaint fail to satisfy the requirements of Rule 9(b).  As they did in their initial complaint, plaintiffs allege that Justice Brandveen intentionally misrepresented and conspired with opposing counsel when he stated that he did not have two of the Orders to Show Cause filed by plaintiffs and that he deemed the two missing ones duplicative of the two before him.  However, plaintiffs, again, fail to explain the basis of their belief that Justice Brandveen intentionally misrepresented and conspired with opposing counsel when he made those statements.  Accordingly, plaintiffs fail to satisfy the pleading requirements of Rule 9(b).

## <u>CONCLUSION</u>

**FOR THE FOREGOING REASONS, JUSTICE BRANDVEEN'S MOTION TO DISMISS THE AMENDED COMPLAINT SHOULD BE GRANTED IN ALL RESPECTS**

Dated:      New York, New York
            January 19, 2007

                        Respectfully submitted,

                        ANDREW M. CUOMO
                        Attorney General of the
                         State of New York
                        <u>Attorney for Justice Brandveen</u>
                        By:


                         <u>/s Constantine A. Speres   </u>
                        CONSTANTINE A. SPERES (CAS-9100)
                        Assistant Attorney General
                        120 Broadway
                        New York, New York 10271
                        (212) 416-8567

CONSTANTINE A. SPERES
Assistant Attorney General
 <u>of Counsel</u>

21

## <u>DECLARATION OF SERVICE</u>

CONSTANTINE A. SPERES pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

That on January 19, 2007, I caused the annexed Memorandum of Law to be served on:

> William and Jane Shelley
> Plaintiffs <u>Pro</u> <u>Se</u>
> 400 Atlantic Avenue
> Freeport, New York 11520

by depositing a true and correct copies thereof, properly enclosed in a postpaid wrapper for overnight delivery via Federal Express, in a Federal Express Box maintained at 120 Broadway, New York, New York 10271, directed to said person(s) at the address within the State designated by them for that purpose and/or in accordance with the Eastern District's Rules On Electronic Service.

<u>/s Constantine A. Speres</u>
CONSTANTINE A. SPERES

Executed On January 19, 2007