FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ SEP 0 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE SHELLEY and WILLIAM SHELLEY,

        Plaintiffs,

   -against-

ANTONIO I. BRANDVEEN,

        Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
**06-CV-1289 (NGG) (AKT)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiffs Jane Shelley and William Shelley are pro se litigants who have brought suit against Antonio Brandveen, an Acting Justice of the New York State Supreme Court who presides over a civil case in New York state court in which Plaintiffs here are defendants. Plaintiffs have filed suit in this court pursuant to 42 U.S.C. § 1983, alleging that Judge Brandveen illegally conspired with the other parties in the state court lawsuit to cause Plaintiffs not to prevail on a motion to dismiss the state court lawsuit.

    In their Complaint, Plaintiffs requested relief in the form of a prospective injunction preventing Defendant from presiding over their state court case (Compl. (Docket Entry # 1) at 9), which the court denied by Memorandum and Order dated March 31, 2006 (Docket Entry # 18). In its Order, the court also dismissed Plaintiffs' Complaint *sua sponte*, giving Plaintiffs thirty days to refile. (Id.) On May 31, 2006, Plaintiffs filed an Amended Complaint requesting a judicial declaration "that [Defendant] had no jurisdiction to preside over this case and that his actions and ruling were a misuse and abuse power [sic] under color of state law" (Am. Compl. (Docket Entry # 8) at 13), and injunctive relief in the form of: (1) a reversal of Defendant's rulings; and (2) "impeachment" of the Defendant from the bench.

1

Defendant now moves to dismiss Plaintiff's claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the following reasons, the court grants Defendant's motion.

## I. BACKGROUND

Plaintiffs are defendants in a state-court civil action in Nassau County Supreme Court, Index No. 12745/00, in which Judge Brandveen was for a time the presiding judge. (Am. Compl. (Docket Entry # 8) at 4.) Plaintiffs allege that the plaintiff in the state court lawsuit, Barbara Malman, died in March 2003. (Am. Compl. (Affidavit of Jane Shelley ¶ 4) at 18.) Plaintiffs further allege that they filed four orders to show cause ("OSC") in state court, which Judge Brandveen signed. (Id., Ex. A-D.) The first OSC sought to dismiss the lawsuit because the decedent's estate failed to apply for substitution upon her death. (Id., Ex. A at 1.) The second moved for the pleadings to be stricken and Ms. Malman's former claims against Plaintiffs dismissed for her heirs' failure to disclose her death. (Id., Ex. B. at 1.) The third moved for a default judgment against third-party defendants Sunrise Towing Services, Inc. & Robert Bradfield ("Sunrise Towing") for failure to answer Plaintiffs' third-party complaint. (Id., Ex. C. at 1.) The last sought to dismiss the action because the decedent failed to appear in court for a scheduled conference on February 14, 2003. (Id., Ex. D. at 1.) Plaintiffs allege that Judge Brandveen signed these OSCs in January 2006, directing that third-party defendants and all parties with an interest in decedent's estate appear at a hearing to explain why the orders should not be granted. (Id., Ex. A-D.)

The court held a hearing on February 7, 2006, a transcript of which is attached to the Plaintiffs' Complaint as Exhibit E. At the hearing, Judge Brandveen acknowledged that the court could not locate two of the four OSCs, but did not specify which ones were missing. (Id.

2

Ex. E at 7.) The court suggested to Plaintiffs that the two missing motions were duplicative of the ones in the court's possession, and requested that they withdraw those two motions so as to proceed with the other two. (Id. Ex. E at 9-10, 16-17.) Plaintiffs declined to do so. (Id. Ex. E at 27.)

Present at the hearing were counsel for the decedent by her insurance carrier, for Alan Malman, the executor of the decedent's estate, and for Sunrise Towing. (Id. Ex. E at 1-2.) The decedent's attorney represented that she did not respond to Plaintiffs' OSCs because she had not yet been retained by the estate. (Id. Ex. E at 11-12.) Counsel for the executor, Mr. Malman, represented that his client had been appointed by the Surrogate's Court to administer the estate, and had submitted papers asking that his client be substituted for the decedent in his response to Plaintiffs' motions. (Id. Ex. E at 12.) Judge Brandveen suggested that it would be more proper to prepare a written motion asking for the substitution. (Id. Ex. E at 12.) Defendant adjourned the hearing to allow: (1) for Mr. Malman's attorney to file the cross-motion; (2) for the newly appointed counsel for the estate to then respond to Plaintiffs' motions; and (3) for Plaintiffs to reply. (Id. Ex. E at 27.) Defendant also eliminated the two duplicative motions (see id.), but later restored them to the calendar and denied all four motions in separate orders issued April 11-13, 2006. (Id. Ex. F.)

In this action, Plaintiffs allege that Judge Brandveen falsely misrepresented that he did not possess two of the four OSCs and failed to conduct hearings for these four OSC's. (Am. Compl. at 5-6.) Further, Plaintiffs allege that Judge Brandveen conspired with counsel for opposing parties in the state lawsuit to fraudulently claim that the Surrogate's Court had not yet confirmed Mr. Malman as executor of the decedent's estate. (Id. at 12.)

3

As of November 28, 2006, Plaintiffs' case was transferred to the Honorable Joseph P. Spinola for trial and was no longer pending before Judge Brandveen. According to the New York State Courts (http://iapps.courts.state.ny.us/webcivil), the case was dismissed with prejudice on August 13, 2007.

## II.  LEGAL STANDARD

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court evaluates the sufficiency of the complaint under the "two-pronged approach" suggested by the Supreme Court in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). First, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. Iqbal, 129 S.Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. at 1950. To survive a Rule 12(b)(6) motion to dismiss, the allegations in the complaint must be plausible. Twombly, 550 U.S. at 564. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted).

4

## III. DISCUSSION

### A. Declaratory Relief

The Declaratory Judgment Act, 28 U.S.C. § 2201, permits courts to issue declaratory judgments only to resolve an "actual controversy," which exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). "A declaratory judgment is not available where, despite an allegation of past wrongdoing, there is no continuing live controversy . . . ." Hernandez v. European Auto Collision, Inc., 487 F.2d 378, 387 (2d Cir. 1973); see also Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 508 (1972) (holding that justiciable controversy exists where "compliance is coerced by the threat of enforcement"); Golden v. Zwickler, 394 U.S. 103, 109 (1969) (holding declaratory relief unavailable where past conduct against which the party is seeking a declaration is unlikely to recur in the future).

Plaintiffs here seek a judicial declaration "that [Defendant] had no jurisdiction to preside over [their] case and that his actions and ruling were a misuse and abuse power [sic] under color of state law." (Am. Compl. (Docket Entry # 8) at 13.) The relief Plaintiffs are seeking would have no effect on the future "rights and other legal relations" of the parties (see 28 U.S.C. § 2201). To the extent Plaintiffs are seeking an advisory opinion with respect to the past conduct of Defendant, this court is without jurisdiction to provide such relief. See Md. Cas. Co., 312 U.S. 270, 272 (1941) (noting that the existence of an "actual controversy" is a jurisdictional requirement).

5

### B.    Injunctive Relief

The district courts "do not have jurisdiction over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see also Rooker v. Fid. Trust Co., 263 U.S. 413, 414-15 (1923). This jurisdictional bar, called the "Rooker-Feldman doctrine," applies not only to final judgments, but also to interlocutory orders. See Campbell v. Greisberger, 80 F.3d 703, 707 (2d Cir. 1996) ("It cannot be the meaning of Rooker-Feldman that, while the inferior federal courts are barred from reviewing *final* decisions of state courts, they are free to review interlocutory orders."). "Underlying the Rooker-Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

In the Second Circuit, there are four requirements that must be met before the Rooker-Feldman doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invite district court review and rejection of [that] judgment[]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced"—i.e., Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). In the instant case, Plaintiffs do not dispute that they lost in state court by Judge Brandveen's denial of their four OSCs (see Am. Compl. ¶ 8), the denial of which is the source of Plaintiffs' injury (see id. ¶ 6). Moreover, Plaintiffs expressly invite this court to review and reject the state court ruling

6

by reversing Defendant's four rulings (see id. at 13). Finally, Plaintiffs' Amended Complaint was filed on May 31, 2006, over a month after Defendant's rulings.[1] Therefore, Plaintiffs' claim for injunctive relief is barred by the Rooker-Feldman doctrine.

### C. Damages

Finally, to the extent Plaintiffs' Complaint could be read to seek money damages, it is well-established that judges enjoy absolute immunity "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (internal quotation mark omitted). Only if a judge (1) performs a nonjudicial act or (2) acts in the "clear absence of all jurisdiction" is that judge liable for damages. Id. at 360-62 (1978) (emphasis added) (internal quotation marks omitted) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (U.S. 1871)). Here, Judge Brandveen was duly appointed Acting Justice of the New York Supreme Court pursuant to New York law, N.Y. Const. art. VI, § 26(b) ("A judge of the court of claims may perform the duties of office or hold court in any county and may be temporarily assigned to the supreme court in any judicial district."), and it is undisputed that the New York Constitution gives the Supreme Court jurisdiction to hear the action that Plaintiffs were litigating there, see id. § 7. Accordingly, Defendant would be entitled to absolute judicial immunity if Plaintiffs were suing for damages.

---

[1] The court notes that while Plaintiffs' original Complaint was filed on March 21, 2006, approximately three weeks before Defendant's rulings, the court dismissed it sua sponte because it failed to state a cause of action because, inter alia, Plaintiffs did not demonstrate an injury-in-fact sufficient to have standing to bring suit. (See Mem. & Order, Mar. 31, 2006 (Docket Entry # 18).) Plaintiffs' injury was thus not realized until Defendant issued his four rulings between April 13-15, 2006. Accordingly, for the purposes of applying Rooker-Feldman, the court considers the date of the filing of the Amended Complaint as the commencement of the action.

7

## IV. CONCLUSION

For the reasons discussed above, the court GRANTS Defendant's motion to dismiss. The Clerk of Court is directed to close this case.

SO ORDERED.

                                                      s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
       September _5_, 2012                  United States District Judge